*499 OPINION.
Phillips:
The facts are stipulated. The Commissioner determined that the decedent had made a gift of 1,188 shares of the preferred stock of the Republic Metalware Co. to his wife to take effect in possession or enjoyment at or after his death. The gift having been made prior to the effective date of the taxing act, the position of the respondent is untenable. Nichols v. Coolidge, 274 U. S. 531; James Duggan, Executor, 8 B. T. A. 482.
There is no contention that the gift was made in contemplation of death. But it is now urged that no gift of the stock was consummated because it is not shown that there was a delivery of the certificates and because there was no transfer on the books of the corporation. There can be no question that a gift is not valid or enforceable until it has been consummated by a delivery of the thing given. An un-executed gift is nothing more than a promise to make a gift, unenforceable for lack of consideration. But once a gift has been consummated, the rights of the donee become vested. While delivery is essential, manual delivery of the thing given is no more necessary in the case of a gift than in the case of a sale. A deed of gift is as effective to pass title as a bill of sale. In re Cohn, 176 N. Y. S. 225; In re Valentine's Estate, 204 N. Y. S. 284. See also Matter of Babcock, 147 N. Y. S. 168. Nor will the failure to record the gift by a *500 transfer of the stock on the books of the corporation prevent title from passing as between the donor and the donee. In re Bullard, 78 N. Y. S. 491; Grisson v. Sternberger, 10 Fed. (2d) 764 and cases cited.
The deed of gift contained words of present conveyance: “ I hereby transfer and give to my wife.” If this were all there would be no question, we believe, that a gift had been made. Certain limitations, however, were imposed; first, .that during the lifetime of the donor the stock should remain in his name on the books of the company, and, second, that the voting and all other privileges, excepting the ownership of income on same, should remain with the donor. These restrictions were not inconsistent with the words of transfer and gift. Ownership of stock imports more than the right to transfer or vote it. The necessities of business have caused to be devised means by which the sale or transfer of stock is restricted or the voting power limited or withheld without in any manner affecting its ownership or the interest of its owner in the assets of the corporation or its income. It seems to us clear that the decedent intended to give to his wife all of his interest in the assets and income of the corporation, represented by these 1,188 shares of its capital stock, that this intention was carried into execution by the delivery of a deed of gift sufficient to effect a present conveyance and that the restrictions imposed did not prevent title from passing. At the time of his death the decedent no longer owned this stock. All he had was in effect an irrevocable power of attorney to exercise the voting and other privileges which attached to the stock. There was nothing which he could pass on to others as a part of his estate.

Decision will be entered for 'petitioners under Rule 60.