*303 OPINION.
Aiujndell:
The question of whether the dividends taxed by respondent to petitioner were income to him depends upon the ownership of the stock, petitioner contending that one half of it belonged to his wife, since he had made her a gift thereof prior to the taxable years.
The evidence admits of no doubt of petitioner’s intention to give his wife a half interest in the stock. This he manifested in several ways — by oral statements, by the written statement of November 9, 1927, by entries in the joint account, and finally, when it came into his possession, by having one half of it issued to her. It is equally clear that there was an acceptance by the wife of all evidences of *304 •the intended gift that were tendered. She received and kept the statement of November 9, 1927; she knew of petitioner’s use of the dividends to reduce the indebtedness on the stock and acquiesced therein; the first time she filed a separate return she reported the dividends as her income; she received certificates for her interest when they became available through release by the creditor. Thus the only matter at all debatable is whether petitioner effectively executed his intent. “While delivery is essential, manual delivery of the thing given is no more necessary in the case of a gift than in the case of a sale. A deed of gift is as effective to pass title as a bill of sale. * * * Nor will the failure to record the gift by a transfer of the stock on the books of the corporation prevent title from passing as between the donor and the donee.” Estate of James F. Foster, 13 B.T.A. 496. See Waite v. Grubb, 43 Or. 406; 73 Pac. 206, holding that:
* * * The situation, relation, and circumstances of the parties and of the subject of the gift may be taken into consideration in determining the intent to give and the fact as to delivery. * * * Where the intent to bestow is obvious and clear, and the language and deportment of the donor indicate a belief upon his part that he has done all that is necessary to accomplish his purpose, they come to the aid of the act of delivery, if slight and ambiguous, but not to dispense with it as an essential element of a valid gift. * * *
Leitch v. Diamond Nat. Bank, 234 Pa. 557; 83 Atl. 416, quotes with approval Thornton on Gifts to the effect that the law takes cognizance of the close relation of husband and wife “ and will construe an act to amount to a delivery where it often would not if the donor and donee were not members of the same family.” The petitioner here obviously could not make manual delivery of the stock certificates prior to the taxable years, as the stock was pledged as security for an indebtedness and in the hands of the creditor. But he did deliver to the donee a written instrument declaring her to be half owner of the stock. It was not worded as artfully as would be an instrument prepared by one skilled in such matters, but, considered in the light of petitioner’s intent as evidenced by his contemporaneous statements and actual delivery when the certificates came into his possession, it is our opinion that a completed gift of a one-half interest in the stock was effected prior to 1928. See J. T. Hedrick, 24 B.T.A. 444. Consequently petitioner is taxable upon but one half the dividends on the stock in 1928 and 1929.
Beviewed by the Board.

Decision will be entered under Bule 50.